UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Civil No. 3:12CV1081(EBB) |
| KYLE PITTS | : | |

RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Defendant Kyle Pitts ("Pitts") has moved, *pro se*, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  He asserts that in imposing his sentence, the Court incorrectly calculated his criminal history category by counting two prior convictions which did not qualify as prior convictions under the United States Sentencing Guidelines § 4A1.2(d)(1) and that his counsel was ineffective by failing to raise that challenge at sentencing.

For the following reasons, the Court finds no merit to Pitts's claims and accordingly, his motion [doc. # 1] is DENIED.

BACKGROUND

Pitts was indicted on September 15, 2010 on conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine.  On May 4, 2011, Pitts pleaded guilty to conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base in violation of § § 846, 841(a)(1) and 841(b)(1)(B).  In his plea agreement and at his plea hearing, Pitts knowingly and voluntarily waived his right to collaterally attack his sentence and conviction if the Court did not impose a sentence that exceeded his applicable guideline range of 84 to 105 months.

In Pitts's pre-sentence report ("PSR"), his numerous prior felony convictions earned him

twelve criminal history points, which placed him in criminal history category ("CHC") V. Three of those points were assigned for Pitts's 2002 state conviction of possession of narcotics and one point was for a 2007 state conviction for interfering with a police officer and resisting arrest. Based on his criminal history points and CHC, Pitts's recommended guideline sentencing range was 84 to 105 months.

Pitts was sentenced on July 27, 2011 to 100 months incarceration and 4 years supervised release.

## DISCUSSION

Pitts claims that there were two errors in the PSR calculation of his criminal history points and CHC and that those errors resulted in an erroneous overstatement of his criminal history by four points. Specifically, he asserts that the PSR incorrectly assigned one point for his 2007 conviction of interfering/resisting arrest and three points for his 2002 narcotics conviction, which he claims was a juvenile conviction.

The government does not contest Pitts's claim that the one criminal history point for the 2007 interfering/resisting arrest conviction was improperly included in his criminal history score. Because the sentence he received for that offense was less than 30 days, under U.S.S.G. § 4A1.2(c)(1)(A), it should not have been assigned any points. Nonetheless, even if the one point were subtracted from his criminal history score, his CHC would not change. With 11 criminal history points, Pitts's CHC is still V, which is the category the Court used in calculating Pitts's recommended guideline range. This error was, therefore, harmless.

Pitts is incorrect, however, with regard to the claim that his 2002 narcotics conviction was erroneously assigned three criminal history points. There is no factual or legal merit to Pitts's

2

claim that this crime was committed when he was only seventeen and thus was a juvenile conviction for which no criminal history points should have been assigned pursuant to U.S.S.G. § 4A1.2(d)(1).

A defendant's criminal history score is calculated under the guidelines by assigning three points for each adult conviction for which a defendant received a sentence of imprisonment exceeding one year and one month.  U.S.S.G. § 4A1.1(a).  Criminal history points are based on the sentence actually pronounced, not the length of time actually served.  U.S.S.G. § 4A1.2 app n.2.  In cases of revocation of probation, the guidelines require the court to add the original term of imprisonment to any term imposed upon revocation and to use the resulting total to calculate the criminal history points under § 4A1.1(a)(b) or (c).  U.S.S.G. § 4A1.2(k)(1).

With regard to criminal history points for offenses committed by a defendant before the age of eighteen, § 4A1.2(d) provides for the addition of three points if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month.  Id.  Further, even if a conviction for an offense committed before age eighteen is vacated and replaced pursuant to a state youthful offender statute, the conviction may still be counted as a prior felony conviction and assigned three criminal history points if the substance of the conviction, the nature of the proceedings and the sentence received and actually served indicate that the defendant was treated as an adult – that is, if the defendant was tried in adult court and was convicted as an adult.  United States v. Driskell, 277 F.3d 150, 154-58 (2d Cir. 2002); United States v. Matthews, 205 F.3d 544, 548-49 (2d Cir. 2000); cf United States v. Jones, 415 F.3d 256 (2d Cir 2005); United States v. Cuello, 357 F.3d 162 (2d Cir. 2004).

Here, according to the records of the Connecticut Superior Court, there is no indication

that Pitts was convicted as a juvenile or under a youthful offender statute. Indeed, the substance of Pitts's 2002 narcotics conviction, the nature of the proceedings and the sentence he received establish that he was convicted as an adult, not a juvenile; in an adult, not a juvenile, court; and received a sentence of imprisonment that exceeded one year and one month.

The records of the Connecticut Superior Court establish that, at the time of Pitts's arrest on the challenged narcotics felony in September 2001, he was seventeen. At the time of his guilty plea and conviction in April 2002, he was eighteen, and thus was not a juvenile under Connecticut law. See Driskell, 277 F.3d at 156 (noting that § 4A1.2(d)(1) makes it clear that the term conviction attaches when a defendant's guilt has been established). In 2002, the maximum age for juvenile-court jurisdiction in Connecticut was fifteen. See 2007 Conn. Acts No. 07-4 § 77-78 (Spec. Sess.) (raising age to sixteen effective Jan. 1, 2010); 2009 Conn. Acts No.09-7, §§ 69-73 (Spec. Sess.) (raising age to seventeen effective Jan. 1, 2012).

Further, the records show that Pitts was charged, pleaded guilty, was convicted and sentenced in the Connecticut Superior Court, an adult court.[1] The court sentenced him to a three-year term of imprisonment and three years probation, and remanded him to the custody of the Commissioner of Corrections. The fact that execution of his sentence was suspended is irrelevant in determining whether the sentence imposed under § 4A1.1 was an adult sentence. U.S.S.G. § 4A1.2 app. n.2 (stating that assignment of criminal history points are based on the sentence imposed, not the length of time actually served).

---

[1] Under Connecticut law, juvenile offenders are tried in juvenile courts, are incarcerated at a state juvenile detention center and juvenile records are confidential and are not included in a juvenile offender's criminal history. The records of Pitts 2002 narcotics conviction were not kept confidential, but were included in his NCIC record.

Pitt began serving his three-year term of probation immediately, but he was soon arrested, charged and convicted of assault in the third degree.  As a result, his probation on the 2002 narcotics conviction was revoked and he was convicted of violating probation.  He was sentenced to 15-months imprisonment on the probation violation and a concurrent 12-month sentence of incarceration on the assault charge.[2]

For these reasons, there was no error in awarding Pitts three criminal history points for his 2002 narcotics conviction under U.S.S.G. § 4A1.2(d)(1).  Given this conclusion, Pitts's ineffective assistance claim is unavailing.  His counsel's performance in failing to raise the meritless challenge to his criminal history calculation did not fall below an objective standard of reasonableness and Pitts could not have, and did not, suffer any prejudice.

## CONCLUSION

Pitts's motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255 [doc. #1] is DENIED.

Because Pitts has failed to establish the denial of a constitutional right, a certificate of appealability shall not issue.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2014 at New Haven, Connecticut.

---

[2]The fact that the record does not establish conclusively that Pitts served his sentence in an adult institution does not preclude the conclusion that he was convicted as an adult.  See United States v. Jackson, 504 F.3d 250, 253 (2d Cir. 2007).